UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALFRED J. ANDERSON,

    Plaintiff,

    v.

SAN FRANCISCO SHERIFF DEPARTMENT, et al.,

    Defendants.

Case No. 15-cv-03737-JD

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Re: Dkt. No. 7

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**I.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.  LEGAL CLAIMS

Plaintiff alleges that a jail guards assaulted him and pepper sprayed him and an X-ray technician inappropriately touched his thigh, leg, and buttock. When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). The Due Process Clause protects a post-arraignment pretrial detainee from the use of excessive force that amounts to punishment. *See Graham v. Conner*, 490 U.S. 386, 395 n. 10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535–39 (1979)); *see also Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1197 (9th Cir. 2002). The Ninth Circuit has stated the factors a court should consider in resolving a due process claim alleging excessive force. *White v. Roper*, 901 F.2d 1501, 1507 (9th Cir. 1990). These factors are (1) the need for the application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of the injury inflicted, and (4) whether force was applied in a good faith effort to maintain and restore discipline. *Id*.

A prisoner may state an Eighth Amendment claim under § 1983 for sexual harassment if the alleged sexual harassment was sufficiently harmful, i.e., a departure from "the evolving standards of decency that mark the progress of a maturing society," and the defendant acted with intent to harm the prisoner. *See Thomas v. District of Columbia*, 887 F. Supp. 1, 3-4 (D.D.C.

2

1995) (citing *Hudson v. McMillian*, 503 U.S. 1, 6, 8 (1992)) (internal quotations and citation omitted). Sexual assault, coercion and harassment certainly may violate contemporary standards of decency and cause physical and psychological harm, *see Jordan v. Gardner*, 986 F.2d 1521, 1525-31 (9th Cir. 1993) (en banc); *Women Prisoners of the District of Columbia Dep't of Corrections v. District of Columbia,* 877 F. Supp. 634, 664-67 (D.D.C. 1994); however, not every malevolent touch by a prison guard or official gives rise to an Eighth Amendment violation--the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of force. *See Hudson*, 503 U.S. at 9-10; *Watison v. Carter*, 668 F.3d 1108, 1112-14 (9th Cir. 2012) (no Eighth Amendment violation against officer who was alleged to have rubbed his thigh against plaintiff's thigh while plaintiff was on toilet and to have begun smiling before leaving cell laughing).

In the complaint, plaintiff briefly describes various acts committed against him on June 11, 2015, July 1, 2015, and July 10, 2015. This action was filed on July 31, 2015. Plaintiff has also filed a letter that describes other incidents in August 2015. While plaintiff describes informal appeals filed related to these incidents, it is not clear if the claims have been fully exhausted and if plaintiff seeks to amend the complaint with additional allegations. The complaint will be dismissed with leave to amend to address these issues. Plaintiff should provide a clearer statement of his allegations and describe the actions of each individual defendant and more information to support his claim of sexual harassment including the name of the defendant medical technician. He should present all of his claims in the amended complaint.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this action.

3

1  2. Plaintiff's motion for permission for electronic case filing (Docket No. 7) is
2 **DENIED** because plaintiff is incarcerated.
3  3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the
4 Court informed of any change of address by filing a separate paper with the clerk headed "Notice
5 of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to
6 do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
7 Civil Procedure 41(b).
8  **IT IS SO ORDERED.**
9 Dated: November 17, 2015

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALFRED J. ANDERSON,

    Plaintiff,

v.

SAN FRANCISCO SHERIFF DEPARTMENT, et al.,

    Defendants.

Case No. 15-cv-03737-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 17, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alfred J. Anderson ID: #15669262
c/o PLS
555 7th Street
Suite 201
San Francisco, CA 94103

Dated: November 17, 2015

Susan Y. Soong
Clerk, United States District Court

By: /s/ Lisa R. Clark
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

5